J. KAMMERDINER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41643, 46555. Promulgated February 10, 1932.

*Claude I. Parker, Esq., John B. Milliken, Esq., George H. Proctor, Esq.*, and *L. A. Luce, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent has asserted deficiencies in income taxes for the years 1925, 1926, and 1927, in the respective amounts of $4,220.70, $5,969.56, and $9,619.95. The only issue is whether the petitioner and his wife were equal partners in a certain business throughout the taxable years. The two proceedings have been consolidated for hearing.

The petitioner is an individual. He has been a resident of Los Angeles, California, for about thirty years and during the entire time has been engaged in some phase of the oil business. Prior to 1922 he worked for many large oil companies as a well driller. In drilling an oil well it often happens that tools part from the operating equipment and become jammed in the uncompleted hole. The recovery of such lost or dropped equipment is usually a tedious and

costly job, but in almost all cases it must be effected before actual deepening of the well can be resumed. Within the petitioner's knowledge and experience it has happened that as many as nine out of eighteen drilling crews on a certain development were engaged in "fishing" operations at the same time.

Prior to 1922 the petitioner invented a device for the recovery of lost tools from oil well holes, which was patented and became known to the oil business as the "rotary jar." After the usefulness of such device had been proved by successful tests he formed a partnership with his wife, Myrtle B. Kammerdiner, for the purpose of manufacturing, renting and/or selling rotary jars to oil well drillers. Petitioner's wife insisted that the device should be patented and personally secured the services of a patent attorney for that purpose. About April, 1923, petitioner began to produce and rent or sell rotary jars and for several years thereafter a large income was derived therefrom.

Petitioner married Myrtle Brown, then an office worker in a brokerage firm, in 1908, and has lived with her continuously since that date. While he was employed for a number of years by the Associated Oil Company as a driller, his wife conducted a boarding house for the labor engaged on the job and accumulated profits to the amount of several thousands of dollars. Such profits, together with the savings from the petitioner's own income, were deposited in a joint bank account upon which both husband and wife could check without restriction. The capital required for beginning the rotary jar business was drawn from this account and the receipts therefrom were deposited in such account.

When petitioner determined to engage in the manufacture and distribution of rotary jars he and his wife entered into an oral agreement to share equally in the profits or losses therefrom. Under this agreement the husband was to attend to the installation and operation of the device and the wife was to have charge of the office. She bought materials, made arrangements with the machine shop for the manufacture of rotary jars, each of which cost about $500, billed all customers for amounts due, collected all accounts, deposited all receipts in the joint bank account, passed on the credit of prospective customers, and, in general, had charge and supervision of the business operations of the partnership. The customers who used the fishing tools, the salesmen and solicitors who placed the device with well drillers, and the oil trade generally knew that the petitioner and his wife were operating the business as a partnership. The patents in this country, England and the Irish Free State were in the name of the petitioner and the business was conducted under the trade name of James Kammerdiner. In each of the taxable years the business made a partnership return in which the net distribu-

table income was shown to belong in equal parts to the petitioner and his wife. In each of such years the petitioner and his wife made separate individual income-tax returns and each included one-half the partnership profits in gross income reported. Upon audit of such returns the respondent held that no partnership existed, that all the income resulting from the rotary jar business should be taxed to the petitioner, and asserted the deficiencies here in controversy.

Section 158 of the Civil Code of California provides that, " a husband and wife may enter into a partnership in California, and if there is any agreement which shows that the intention of the parties is to create a vested interest in the partnership in the wife as her separate property, such intention will change the character of their property from community to separate property." In this proceeding it is perfectly clear that the petitioner and his wife joined together in April of 1923 to carry on a business enterprise for their mutual benefit. This is sufficient to establish a partnership. Cf. *Meehan* v. *Valentine*, 145 U. S. 611; *E. C. Wilson et al.*, 11 B. T. A. 963.

A common law contract of partnership may be oral. *E. C. Wilson, supra; Bates* v. *Hancock*, 95 Cal. 479; 30 Pac. 605; *Koyer* v. *Willmon*, 150 Cal. 785; 90 Pac. 135; *Musick Consolidated Oil Co.* v. *Chandler*, 158 Cal. 7; 109 Pac. 613. The fact that for business reasons the operations were conducted in the name of the husband does not defeat the partnership. Cf. *John T. Newell*, 17 B. T. A. 93; *Leonard M. Gunderson*, 23 B. T. A. 45. Nor is it material that no capital account was maintained on the books kept by the partnership. *R. A. Bartley*, 4 B. T. A. 874; *John T. Newell, supra; E. L. Kier*, 15 B. T. A. 1114. In the light of the evidence and of the many decided cases and proceedings involving this issue, we are of the opinion that the determination of the respondent that there was no partnership in the taxable year between petitioner and his wife must be reversed. *L. S. Cobb*, 9 B. T. A. 547; *E. L. Kier, supra.*

*Decision will be entered for the petitioner.*